# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 7483 | **DATE** | 12/19/2012 |
| **CASE TITLE** | *Marzano, et al. v. Bayer Road Service, Inc., et al.* | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court enters and continues Plaintiff's motion for conditional certification [24-1] and for approval of notice pending receipt of the filing ordered herein.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Anthony Marzano, James Herlin and Patrick Powers brought the instant suit on behalf of themselves and those similarly situated alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1 *et seq*., and the Illinois Wage Payment and Collection Act, 115 Ill. Comp. Stat. § 115/1 *et seq*. Plaintiffs allege that the defendants, Bayer Road Service, Inc. ("Bayer"), Doug A. Bayer and Linda Bayer employed them and others similarly situated as roadside assistant drivers and misclassified them as independent contractors. As a result, Plaintiffs allege, Defendants failed to pay them overtime and made unauthorized deductions from their paychecks. Plaintiffs seek conditional certification and leave to facilitate notice under 29 U.S.C. § 216(b) with respect to their FLSA claims only.

FLSA overtime wage claims may be pursued through a collective action on behalf of the named plaintiffs and similarly situated workers. 29 U.S.C. § 216(b); *Alvarez v. City of Chi.*, 605 F.3d 445, 448 (7th Cir. 2010). Generally, courts considering whether FLSA claims may proceed as a collective action use a two-step process. *Larsen v. Clearchoice Mobility, Inc.*, No. 11 C 1701, 2011 WL 3047484, at *1 (N.D. Ill. July 25, 2011). First, the court considers whether to conditionally certify a class. To obtain this relief, a plaintiff must make a "modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Hundt v. DirectSat USA, LLC*, No. 08 C 7238, 2010 WL 2079585, at *2 (N.D. Ill. May 24, 2010) (citation and internal quotation marks omitted). "If the plaintiff meets this light burden, the court conditionally certifies the class, and notice is sent to potential class members, giving them an opportunity to opt into the suit. At this stage, the court does not resolve factual disputes or decide substantive issues going to the merits." *Larsen*, 2011 WL 3047484, at *1. Second, after the parties have had an opportunity to pursue discovery and the opt-in process is complete, the court must reevaluate certification using a more rigorous standard. *Id.*

# STATEMENT

In support of their motion, Plaintiffs point to their affidavits in which each attests that: (1) he was employed as a roadside assistant driver for Bayer; (2) Bayer required them to provide their own vehicles; (3) while Bayer supplied them with their tools, Plaintiffs paid for them through deductions from their paychecks; (4) they were not reimbursed for the tools they returned; (5) Bayer required them to buy and wear safety vests and signage for their vehicles; (6) Bayer treated them as independent contractors and paid them as 1099 employees; (7) they were generally paid $11.00 per call unless the vehicle was gone when they arrived or if they were dispatched on a non-motor club call; (8) they received no reimbursement for the use of their personal vehicles or the cost of gasoline; (9) they were dispatched on approximately 50 to 80 calls per week; (10) they worked seven days a week and were required to respond or were told they would be terminated. (Dkt. ## 31-4, 31-5, 31-9.)

In addition, in response to Interrogatory # 7 by Plaintiffs asking for the name of "each and every individual who has worked in the same or similar job category as the named Plaintiffs herein," Defendants responded with a list of drivers for each year 2008 through 2011. (Dkt. # 31-3, ¶ 7; Dkt. # 25-3 at 17-20.) Moreover, when asked to identify how the job duties of those identified in response to Interrogatory # 7 differed from Plaintiffs, Defendants responded that they "had the same duties." (Dkt. # 31-3, ¶ 8.) Finally, when asked for the name of each and every individual who had been compensated "in a manner the same or similar to Plaintiffs' compensation herein," Defendants referred to their answer for Interrogatory # 7, which listed the individuals who worked in a job similar to Plaintiffs. (*Id*. ¶ 10.)

For their part, rather than discussing the factors relevant to conditional certification, Defendants argue that their drivers are independent contractors and are therefore not subject to the wage and overtime laws. Because this position goes to the merits of the FLSA claim rather than the appropriateness of conditional certification, it is not properly addressed at this time. *Brand v. Comcast Corp*., No. 12 C 1122, 2012 WL 4482124, at *7 (N.D. Ill. Sep. 26, 2012) (on motion for conditional certification, noting that "[t]he question of whether Comcast violated the FLSA with its on-call policy at the 112th facility is a question for another day").

Defendants next assert, without citation to authority, that the Court must determine prior to allowing notice to be sent whether the drivers worked at least 40 hours a week such that they would have been entitled to overtime pay. However, as stated in the proposed notice, the plaintiff group includes those who were, within the last three years, treated as an independent contractor by Defendants, worked hours in excess of 40 hours per week and were not paid one and one half times the regular rate of pay. (Proposed Notice, Dkt. #25-4.) Thus, those who did not work more than 40 hours per week and/or experienced unauthorized deductions from their wages, are not eligible to opt in. Accordingly, the Court need not determine ahead of time whether the recipients of the notice worked more than 40 hours a week.

The Court notes that it appears that Plaintiffs have satisfied the lenient standard for certifying a class of individuals who performed work for Bayer as an independent contractor roadside assistant, and who, within the past three years, have worked in excess of 40 hours per week but have been denied one and one-half of their regular hourly rate for hours in excess of 40 hours per week and/or have experienced unauthorized deductions from their wages. However, Plaintiffs have failed to include in their motion an express statement of the proposed class (the aforementioned class was taken from Plaintiffs' proposed notice of consent, which is attached to their motion).

Plaintiffs shall file a statement of the proposed class and a draft proposed notice. Prior to that filing, Plaintiffs shall meet and confer with Defendants' counsel regarding the definition of the proposed class and

| STATEMENT |
|---|

the content of the notice. Counsels' discussion shall include the topic of the scope of the class. Specifically, Plaintiffs ask that Defendants be required to provide the names and addresses of any and all Bayer roadside assistants throughout the country, not just Illinois, as Defendants previously disclosed. It is simply unclear from the filings to date whether Bayer employed any roadside assistants outside of Illinois. Moreover, the Court notes that while the instant motion for conditional certification addresses only the FLSA claims, the amended complaint alleges only Illinois state law claims and the current plaintiffs are all Illinois residents. Thus, to the extent it may be relevant in the future, the parties shall discuss in their meet and confer whether any non-Illinois drivers are properly included in a potential Rule 23 class regarding the Illinois state law claims, and whether the current Illinois plaintiffs would be proper representatives for non-Illinois state law wage claims.

Plaintiff's filing, to be made within 21 days of the date of entry of this order, shall include a statement of the proposed class. A draft proposed notice shall be attached to the filing. To the extent the parties disagree on any issues associated with the class definition or the proposed notice after they meet and confer, they shall briefly identify the disputes and the legal and evidentiary bases for them. The Court therefore enters and continues Plaintiff's motion for conditional certification [24-1] and for approval of notice pending receipt of the filing ordered herein.